PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ GONZÁLEZ, Defendant and Appellant.

No. 6725. Argued November 23, 1937.—Decided December 22, 1937.

*González Fagundo & González, Jr.,* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The defendant, José González, was accused and convicted of having committed murder upon the person of one Luz María Rodríguez, his erstwhile paramour. The circumstances which led up to the killing may be summarized as follows:

That the defendant, at about eleven o'clock in the evening, arrived at the house where he "kept" the deceased; that he said to her "Yes or no?" and when she answered "no," he drew a pistol from his pocket and shot her, as a result of which she died; that he then attempted to take his own life unsuccesfully.

These facts are more or less accepted. The assignment of errors reads:

"*First.*—The court erred in refusing to give the jury an instruction on the crime of voluntary manslaughter.

"*Second.*—The court erred when the judge asked the expert witness, Dr. Mejías Ruiz, the following question: 'Therefore, doctor,

all people suffering from syphilis can at any moment lose their conscience and be free from any penal responsibility because it is possible that such a thing may happen?'

"*Third.*—The verdict is against the evidence."

■ We are of the opinion that from the manner in which the event took place the lower court was amply justified in not giving an instruction with regard to voluntary manslaughter. The facts present no reasonable basis on which to found the theory of the appellant to the effect that the shooting might have resulted from a sudden quarrel or heat of passion. On the contrary, the evidence, we think, definitely shows that the defendant visited the deceased with the definite intention of shooting her if her answer was no. We must not forget that the main defense rested upon the alleged insanity of the accused. The attempt to build up a case of voluntary manslaughter utterly failed. The first error was not committed.

The question discussed in the second assignment was, in our opinion, entirely proper, given the testimony which had immediately preceded it. There is no charge that the question was put in an incredulous or sarcastic tone of voice, so we must presume that it was expressed in a serious and impartial manner. We cannot see, even supposing error, that the question was prejudicial.

The last error supposedly committed is that the verdict of murder is against the weight of the evidence and therefore that a verdict of voluntary manslaughter should have been brought. This point has been covered by our disposition of the first assignment of error and merits no further discussion.

The judgment appealed from should be affirmed.

Mr. Justice Hutchison and Mr. Justice Córdova Dávila took no part in the decision of this case.